IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KWANM ARI MICHAEL YISRAYL, a/k/a GERALD WILKINS,<br><br>        Plaintiff,<br><br>vs.<br><br>ROGER E. WALKER, JR., WILLIAM WATTS, GREG LAMBERT, CARL MILLER, BONNIE SULLIVAN, and KEN BARTLEY,<br><br>        Defendants. | Case No. 09−cv−0457−MJR−SCW |

## MEMORANDUM AND ORDER

**WILLIAMS, Magistrate Judge:**

Plaintiff Kwanm Ari Michael Yisrayl (a/k/a Gerald Wilkins; hereinafter, "Yisrayl"), filed his original Complaint on March 31, 2009, against eight individual Defendants and the United States Postal Service, in which he alleged various violations of his right to practice his religious faith as an African Hebrew Israelite of Jerusalem. After conducting a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, Chief Judge Herndon dismissed ten (10) of Yisrayl's seventeen (17) claims *with* prejudice, and dismissed Defendants Griswold and the U.S. Postal Service from this action *with* prejudice as well (*see* Doc. 11, p. 10). On February 4, 2011, this Court granted Yisrayl's Motion for Leave to File Amended Complaint in order to bring a claim under the Illinois Religious Freedom Restoration Act (IRFRA, 775 ILCS 35/1-99) (Doc. 36). Yisrayl's Amended Complaint was filed on February 9, 2011 (Doc. 44). In his Amended Complaint, Yisrayl alleges that the six remaining (above-named) Defendants are responsible for "substantially burdening his religious faith, sincerely held beliefs, mandated practices and central tenets" in violation of the First and Fourteenth Amendments to the United States Constitution, 42 U.S.C. § 1983, the Religious Land Use and Institutionalized Persons Act (RLUIPA, 42 U.S.C. 2000cc, *et seq.*), and the IRFRA (Doc. 44, p. 3).

Now before the Court are a number of discovery related motions. Yisrayl has filed a Motion to Compel Discovery (Doc. 47), and a Motion to Compel Defendants to Answer Interrogatories (Doc. 52). Defendants have responded to both motions and also filed a Motion to Strike (Doc. 50) Yisrayl's Second Request for Admissions of Fact (Doc. 48). The Court now rules as follows.

In his Motion to Compel Discovery, Yisrayl contends that Defendants' response to his Second Request for Production of Documents is inadequate because the Illinois Administrative Code requires such documents to be maintained. In response to Yisrayl's First Request for Production of Documents, Defendants apparently provided for 2010, the same documents that he is now seeking for 2005-2009. In their response to Yisrayl's Second Request, Defendants stated that the requested documents do not exist. *If* this is accurate, then this response *is* in fact sufficient—whether or not there might be an Illinois Code provision to the contrary. Further, the alleged Administrative Code provision cited by Yisrayl is either out of date, improperly cited or it does not exist because the Court—after an exhaustive search for both the code provision as cited, and the language cited by Yisrayl—could not find anything similar to what was cited by Yisrayl in his motion (Doc. 47, ¶ 4). Accordingly, Yisrayl's Motion to Compel Discovery (Doc. 47) is **DENIED.**

In response Yisrayl's Second Request for Admissions of Facts and Genuineness of Documents (Doc. 48), Defendants filed a Motion to Strike (Doc. 50) this request as untimely filed. Defendants correctly note that Magistrate Judge Donald G. Wilkerson's December 16, 2010 Scheduling Order clearly states that "All discovery shall be completed by May 13, 2011" (Doc. 34). Yisrayl did not serve his Second Request for Admissions upon Defendants until sometime in May 2011; they were filed electronically on May 11, 2011 (Doc 48). Because Yisrayl did not give Defendants enough time to respond to his requests prior to the close of all discovery, Defendants' Motion to Strike (Doc. 50) is **GRANTED.** Accordingly, the Clerk of Court SHALL **STRIKE** Yisrayl's Second Request for Admissions of Fact (Doc. 48) from the Docket.

On May 25, 2011, Yisrayl also filed a Motion to Compel Defendants to Answer Interrogatories (Doc. 52). Specifically, Yisrayl allegeds that Defendants Bartley and Watts did not include their job descriptions in their response to interrogatory number 3. In response to this Motion to Compel, however, Defendants claim that they did in fact include that information in their interrogatory response. Further, Defense counsel noted that she placed another copy of Defendants' job descriptions in the mail on June 8, 2011. To date, the Court has not received any reply from Yisrayl to the contrary. So, at this time, the Court finds **MOOT** his Motion to Compel Defendants to Answer Interrogatories (Doc. 52).

Finally, the Court notes that this action is now **SET** for **Jury Trial** in front of District Judge Michael J. Reagan on **Monday, March 5, 2012, at 9:00 a.m**. in the Courthouse in East St. Louis, Illinois.

**IT IS SO ORDERED**.

DATED June 24, 2011.

/s/ **Stephen C. Williams**
STEPHEN C. WILLIAMS
United States Magistrate Judge