# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

GERALD WILKINS, a/k/a KWANM ARI )
  MICHAEL YISRAYL, )
                               )
         **Plaintiff,** )
                               )   **Case No. 09‒cv‒0457‒MJR‒SCW**
vs. )
                               )
ROGER E. WALKER, JR., WILLIAM )
  WATTS, GREG LAMBERT, CARL )
  MILLER, BONNIE SULLIVAN, and )
  KEN BARTLEY, )
                               )
        **Defendants.** )

## REPORT AND RECOMMENDATION

**WILLIAMS, Magistrate Judge:**

This Report and Recommendation is respectfully submitted to United States District Court Judge Michael J. Reagan pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C). After the plaintiff failed to appear at the final pretrial conference, Defendants moved orally for dismissal for lack of prosecution. For the reasons below, it is **RECOMMENDED** that Defendants' motion be **GRANTED**, and that the case be **DISMISSED**.

### BACKGROUND

In March 2009, Plaintiff Gerald Wilkins (also known as Kwanm Ari Michael Yisrayl—hereafter, "Wilkins") filed suit pursuant to 42 U.S.C. § 1983, the Religious Land Use and Institutionalized Persons Act ("RLUIPA," 42 U.S.C. § 2000cc, *et seq.*), and the Illinois Religious Freedom Restoration Act ("IRFRA," 775 ILCS 35/1–99). Wilkins is an avowed member of the African Hebrew Israelites of Jerusalem ("AHI") religion. His claims stem from allegations that his religious freedom had been violated in various ways while he was incarcerated at Illinois' Tamms Correctional Center. Wilkins was incarcerated at Tamms from 2005 to 2009, and was released from IDOC custody in November 2011. (Doc. 75).

The case was randomly assigned to Chief Judge David R. Herndon, who (after a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A) dismissed with prejudice one individual defendant and the U.S. Postal Service, as well as ten of Wilkins' claims. The case was reassigned to Judge Reagan a year ago (*see* Doc. 35). The six remaining defendants moved for summary judgment on most of Wilkins' forty-five surviving legal claims (*See* Doc. 64), thirteen of which survived for trial (Doc. 81). On January 30, 2012, Plaintiff failed to appear at the Final Pretrial Conference. (Doc. 82). Defendants made an oral motion for dismissal for failure to prosecute the case. (Doc. 83).

## ANALYSIS

Federal Rule of Civil Procedure 16(f) permits sua sponte sanctions (including those authorized by Federal Rule 37(b)(2)(A)(ii)–(vii)) against a party who fails to appear at a pre-trial conference. **FED. R. CIV. P. 16(f)(1)(A)**. Rule 37(b) authorizes dismissal, which the Seventh Circuit has said is a "feeble sanction" if it is without prejudice. ***Lucien v. Breweur*, 9 F.3d 26, 28 (7th Cir. 1993); FED. R. CIV. P. 37(b)(2)(A)(v)**. Dismissal can also be effectuated via Federal Rule 41(b), which states the general principle that failure to prosecute a case should be punished by dismissal with prejudice. ***Lucien*, 9 F.3d at 29; *accord James v. McDonald's Corporation*, 417 F.3d 672, 681 (7th Cir. 2005) (under Rule 41(b) a "district court has the authority . . . to [dismiss a case] for lack of prosecution.").**

In July 2011, when Mr. Wilkins was still in IDOC custody, the undersigned judge set the Final Pretrial Conference for January 30, 2012, in an order that was mailed to the plaintiff. (Doc. 62). (At Wilkins' request, the notice was sent to him at Menard Correctional Center under his secular name, not his religious name. (*See* Doc. 54)). According to a notice filed by Wilkins, he was released from IDOC custody on November 21, 2011. (Doc. 75). Wilkins provided a Chicago address, where the all docket activity has been mailed since Wilkins' release. (*Id.*). At no point have

court-mailed documents been returned as undeliverable (or for any other reason) from the address Wilkins provided.

On January 11, the Court noticed the parties that a jointly-prepared Final Pretrial Order was required to be submitted at the conference, and warned Mr. Wilkins that "Plaintiff's appearance [was] mandatory. Failure to appear may result in dismissal and/or sanctions." (Doc. 80). Wilkins was again mailed notice of the final pretrial conference on January 26, when Judge Reagan ruled on Defendants' summary judgment motion. (*See* text entry at Doc. 81). According to defense counsel, Wilkins was overnighted a proposed joint Final Pretrial Order on January 26, 2011, but never responded. And at the final pretrial conference in the East St. Louis Courthouse, the courtroom security officer scoured the courthouse for Mr. Wilkins, who could not be found. In short, neither the defendants nor the Court have heard from Mr. Wilkins since he was released from prison.

Given the fact that Mr. Wilkins was clearly notified of the final pretrial conference but failed to attend—and by all appearances has decided not to prosecute his case—the Court finds that dismissal with prejudice is warranted under Federal Rules 16(f) and 41(b). **See *Lucien*, 66 F.3d at 29 ("The criteria for sanctions under Rules 16(f), 37(b), and 41(b) are the same.").**

## CONCLUSION

For the foregoing reasons, this Court **RECOMMENDS** that Defendants' oral motion for dismissal be **GRANTED**, and that Plaintiff's Amended Complaint be **DISMISSED** with prejudice for his failure to appear at the January 30, 2012 final pretrial conference and for his failure to diligently prosecute his case. Objections to this Report and Recommendation must be filed on or before **February 17, 2012.**

**IT IS SO RECOMMENDED.**

Dated: January 31, 2012

/s/ *Stephen C. Williams*
STEPHEN C. WILLIAMS
United States Magistrate Judge